**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| MARK FANSLER and LINDA GOLDSTEIN, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No.: N17C-09-015 EMD |
| NORTH AMERICAN TITLE INSURANCE COMPANY, R. MATTHEW LONGO, LONGO & ASSOCIATES, L.P., RICHARD M. LONGO, HILLCREST ASSOCIATES, INC. and GLOBAL TITLE, INC., | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION DENYING DEFENDANT GLOBAL TITLE, INC.'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

Upon consideration of Defendant Global Title, Inc.'s Motion to Dismiss Plaintiffs' Second Amended Complaint (the "Motion") filed by Defendant Global Title, Inc. ("Global Title"); Plaintiffs' Opposition to Global Title, Inc.'s Motion to Dismiss the Second Amended Complaint (the "Opposition") filed by Plaintiffs Mark Fansler and Linda Goldstein (collectively, "Plaintiffs"); Global Title Inc.'s Reply to Plaintiffs' Response to Global Title Inc.'s Motion to Dismiss Plaintiffs' Second Amended Complaint (the "Reply"); the Second Amended Complaint; and the entire record of this civil action, the Court will, for the reasons set forth below, **DENY** the Motion.

On March 19, 2019, the Court issued its Memorandum Opinion Denying in Part and Granting in Part Defendant Global Title, Inc.'s Motion to Dismiss (the "Decision"). The Court addressed the "Time of Discovery Rule" and held that it applied in this civil action. The Court

gave leave to Plaintiffs to file an amended complaint to add (i) a claim for negligent procurement and (ii) allegations regarding relation back of that claim to Global Title.

Plaintiffs filed the Second Amended Complaint on April 5, 2019. The Second Amended Complaint asserts a claim of negligent procurement against Global Title. Global Title responded to the Second Amended Complaint with the Motion. The Court has reviewed the Motion, the Opposition, the Reply and the Second Amended Complaint. The Court has determined that it can rule on the matter without a hearing.

In the Motion, Global Title again argues that Delaware Courts refuse to apply the Time of Discovery Rule to negligent procurement claims as a matter of law. Plaintiffs argue that the cases relied upon by Global Title do not hold that the Time of Discovery Rule cannot be utilized in negligent procurement cases. The Court has, once again, reviewed the law and agrees with Plaintiffs' interpretation of the existing Delaware law.

First, the Court reaffirms the reasoning set forth in the Decision.[1] Second, the Court notes that a series of Delaware decisions support the principle that the Time of Discovery Rule may be applied in negligent procurement and malpractice cases especially as those claims relate to title defects.[2] The key here is not the issuance of the policy but the purported reason for its negligent procurement—*i.e.*, a title defect as opposed to an omission of coverage. For these reasons, the Court will **DENY** the Motion.

---

[1] *Fansler v. North Am. Title Ins. Co.*, 2019 WL 1281432, at *3-4 (Del. Super. March 19, 2019).
[2] *Pioneer Nat'l Title Ins. Co. v. Child, Inc.*, 401 A.2d 68, 71-72 (Del. 1979); *Ruger v. Funk*, 1996 WL 110072, at *3-6 (Del. Super. Jan. 22, 1996) (discussing *Kaufman v. C.L. McCabe & Sons, Inc.* and still applying the Time of Discovery Rule as it relates to title defects); *see also Dickerson v. Rich*, 2001 WL 34083816, at *2 (Del. Super. Oct. 17, 2001) (stating that the Time of Discovery Rule applied in *Pioneer Nat'l Title Ins. Co.* was appropriate because title defects are, in most instances, "inherently unknowable").

The Court notes, however, that the issue of "relation back" was not raised in the Motion. The Court will not address whether the Second Amend Complaint's negligent procurement claim relates back as it was not raised by Global Title.

**IT IS SO ORDERED.**

Dated: June 19, 2019
Wilmington, Delaware

*/s/ Eric M. Davis*
Eric M. Davis, Judge